UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LAVELLE DAVIS | CIVIL ACTION |
|---|---|
| VERSUS | No.: 19-12598 |
| PRIMERO SERVICES, INC. | SECTION: "J" (1) |

**ORDER & REASONS**

Before the Court is a *Motion to Dismiss for Insufficient Service of Process* filed by Defendant, Primero Services, Inc. d/b/a ServiceMaster Elite Cleaning Services ("ServiceMaster") **(Rec. Doc. 12)**, an opposition thereto (Rec. Doc. 19) filed by Plaintiff, Lavelle Davis ("Plaintiff"), and a reply (Rec. Doc. 22) by ServiceMaster. Additionally, before the court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 13)** filed by ServiceMaster and an opposition thereto (Rec. Doc. 21) filed by Plaintiff. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion to dismiss for insufficient service of process should be **GRANTED** in part and **DENIED** in part, and the motion to dismiss for failure to state a claim should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiff brings her suit pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, "to remedy acts of employment discrimination and retaliation perpetrated against her by her former employer" ServiceMaster (Rec. Doc. 1 at 1). After being discharged from her job on June 16, 2016, it is undisputed that Plaintiff timely filed her charge with

the New Orleans EEOC Field Office in October 2016. Plaintiff claims she first received notice of the EEOC's Dismissal and Notice of Rights Letter on approximately July 18, 2019, prompting her to file the present suit on September 15, 2019. *Id.* at 3.[1]

Plaintiff, a Louisiana resident, attempted to serve ServiceMaster, a Louisiana corporation incorporated and with its principal place of business in Louisiana, by certified mail via Federal Express. Specifically, Plaintiff's counsel at the time, John-Michael Lawrence, instructed a Federal Express employee to serve Nancy Cabrera, ServiceMaster's registered agent for service of process in Louisiana, without requiring the signature of Ms. Cabrera.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(h)(1) allows for two methods of effective service upon entities located within the United States. First, a plaintiff may effect service via the laws of the state in which the district court is located or in which service is to be effected. *See* Fed. R. Civ. P. (4)(h)(1). Under Louisiana law, personal service is required to effectively serve a corporation. La. Civ. Code. P. arts. 1261(A), 1232.

Second, Rule 4(h)(1) allows plaintiffs to serve corporations by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." "If a defendant is not served within 90 days after the complaint is filed, the court. . .must dismiss the action without prejudice against the defendant or order that service

---

[1] The EEOC's Dismissal and Notice of Rights letter is colloquially known as a Right-to-Sue Letter.

2

be made within a specified time." Fed. R. Civ. P. 4(m). Although the Court has wide discretion to decide whether to grant additional time or dismiss without prejudice, an extension of time must be granted "if the plaintiff shows good cause for the failure." *Factor King, LLC v. Block Builders, LLC, et al.*, No. 14-00587-BAJ-RLB, 2016 WL 723016 at *2 (M.D. La. Feb. 22, 2016).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

I.  **ServiceMaster's Motion to Dismiss Pursuant to Rule 12(b)(5)**

Here, Plaintiff's attempt to serve ServiceMaster is ineffective because service via Federal Express "does not comply with the personal service requirements under Louisiana law or Rule (4)(h)(1)." *Factor King,* 2016 WL 723016 at *2; *see also Pellerin-Mayfield v. Goodwill Industries*, No. 03-3774 2003 WL 21474649 *1 (E.D. La. June 20, 2003) ("Plaintiff's service of defendant by mailing a copy of the complaint to defendant's registered agent was ineffective because it did not comply with the personal service requirements of Louisiana law and Rule 4(h)(1)."). It has been over ninety days since Plaintiff filed her complaint on September 15, 2019. *See* Fed. R. Civ. P. 4(m). Therefore, Plaintiff's claims are subject to dismissal under Rule 12(b)(5) for insufficient service of process.

In order to establish good cause for failure to properly serve within the required time period, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Factor King*, 2016 WL 723016 at * 2 (citing *Systems Signs Supplies v. United States Department of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990)) (quotations omitted). Here, Plaintiff provides no justification for her failure to properly serve ServiceMaster, apart from a slight inference that Plaintiff's previous counsel is to blame for the error. Mistake of counsel, however, does not rise to the level of "good cause" so as to require the Court grant Plaintiff additional time to serve. *Id.* Nevertheless, even in the absence of good cause, the Court retains "discretion to extend the time for service of process." *Lee v. OfferUp, Inc.*, No. 17-1609, 2018 WL 1326154 at *4 (E.D. La. Mar. 15, 2018) (citing

4

*v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013)). Because the error in service can be attributed to counsel that no longer represents Plaintiff and the time for proper service has only recently passed, the Court will exercise its discretion to extend the time for service of process. As such, Plaintiff will have sixty days from the issuance of this Order and Reasons to properly serve Defendant ServiceMaster or the matter will be dismissed without prejudice.

   I.      **ServiceMaster's Motion to Dismiss Pursuant to Rule 12(b)(6)**

ServiceMaster moves for dismissal of Plaintiff's claims on the rather straightforward basis that said claims are untimely. A plaintiff bringing suit under 42 U.S.C. § 2000(e), *et seq* has ninety days to institute a civil action after receiving a Right-to-Sue Letter from the EEOC. 42 U.S.C. § 2000e-5(f). ServiceMaster asserts that Plaintiff received her Right-to-Sue Letter in July of 2018, thereby rendering Plaintiff's September 15, 2019 suit untimely.

ServiceMaster's sole evidence that Plaintiff received her Right-to-Sue Letter in the summer of 2018 is ServiceMaster's receipt of a copy of the Right-to-Sue Letter dated June 28, 2018 (Rec. Doc. 13-3). ServiceMaster contends its receipt of said Right-to-Sue Letter dated proves two things: (1) that because ServiceMaster was sent a copy of the Right-to-Sue Letter on June 28, 2018 Plaintiff must have been sent a copy on that date as well, and (2) as there exists a "presumption that government notices are mailed on the date stated in the notice and received within seven days," Plaintiff must

have received her Right-to-Sue Letter on July 5, 2018. *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th. Cir. 2009).[2] The Court disagrees with ServiceMaster's argument.

As an initial matter, ServiceMaster's argument is inapposite for a motion to dismiss under 12(b)(6). The presumption upon which ServiceMaster relies, essentially the common-law mailbox rule, is an evidentiary presumption that "only comes into play when there is a material question as to whether a document was actually received." *Id.* (citation omitted). When ruling on a 12(b)(6) motion, the Court "must accept all well-pleaded facts as true." *Lormand*, 565 F.3d at 232. Here, Plaintiff's complaint clearly states that Plaintiff "first received notice of, and learned about, the [Right-to-Sue Letter] . . .on or about July 18, 2019." (Rec. Doc. 1 at 3). Thus, taking Plaintiff's well-pleaded facts as true, there is no material question as to when she actually received the Right-to-Sue Letter and therefore the mailbox rule is inapplicable.

Moreover, ServiceMaster has failed to provide any competent evidence to support the application of the mailbox rule to the present case, even absent the Court accepting Plaintiff's complaint as true. ServiceMaster has produced no business records or physical evidence that the EEOC ever sent Plaintiff a copy of the Right-to-Sue Letter, nor submitted any affidavits in support of the mailing. *See Duron*, 650 F. 3d at 291 (holding that the lack of such evidence dooms a motion for summary judgment); *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419-20 (5th. Cir. 2007) (same). Furthermore, Plaintiff reaffirms via affidavit that she did not receive the

---

[2] This presumption is merely a version of the famous "mailbox rule." *See Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419 (5th. Cir. 2007).

Right-to-Sue Letter until July 2019 and provides persuasive evidence that the EEOC mailed her letter to the wrong address (Rec. Doc. 21-1).[3]

Based on the foregoing, the Court finds that Defendant's Motion to Dismiss Pursuant to 12(b)(6) lacks merit.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant ServiceMaster's *Motion to Dismiss Pursuant to Rule 12(b)(5)* **(Rec. Doc. 12)** is **GRANTED** inasmuch as the Court finds Plaintiff's attempted service was improper but **DENIED** as to ServiceMaster's request that Plaintiff's case be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff has sixty (60) days from the date of this Order and Reasons to properly serve the Defendant. If the plaintiff does not do so, the Court will then dismiss Plaintiff's claims without prejudice.

**IT IS FURTHER ORDERED** that Defendant ServiceMaster's *Motion to Dismiss Pursuant to Rule 12(b)(6)* **(Rec. Doc. 13)** is hereby **DENIED**.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[3] The copy of the Right-to-Sue Letter received by ServiceMaster listed Plaintiff's address as 200 Deckbar Avenue, Apt #321, Jefferson, LA 70121 (Rec. Doc. 13-3). Plaintiff testifies via affidavit that she had a phone conversation with an EEOC employee in which she said she was moving to 3300 Wall Blvd., Apt. 2D, Gretna LA 70056 (Rec. Doc. 21-1 at 2). Plaintiff further states she executed a change of address form with the U.S. Postal Service reflecting her move. (Rec. Doc. 21-1 at 2). The Court explicitly passes no judgment as to whether Plaintiff's proffered evidence would be sufficient to rebut the mailbox presumption in a motion for summary judgment containing actual evidence supporting the application of the mailbox rule.